UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHITNEY M. LACOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-0545-CVE-TLW |
| | ) |
| SOUTH LEWIS SH OPCO, LLC, a Domestic | ) |
| Limited Liability Company d/b/a THE | ) |
| VILLAGES AT SOUTHERN HILLS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss and Brief in Support (Dkt. # 7). Plaintiff alleges that defendant discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 701 et seq. (Title VII), the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 et seq. (OADA), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA). Dkt. # 2-1, at 4-5. Plaintiff also alleges that defendant breached its fiduciary duty under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). Id. at 5-6. Defendant asks the Court to dismiss plaintiff's petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. # 7, at 5. Plaintiff asks the Court for leave to amend the Title VII and OADA allegations in her petition, argues that she has properly stated a claim for discrimination under the ADA, and voluntarily dismisses her ERISA claim. Dkt. # 17.

**I.**

Plaintiff began working for defendant as a certified nursing assistant (CNA) in February 2014. Dkt. # 2-1, at 2. Plaintiff alleges that in late January or early February 2015 she informed her supervisor, Clarissa Brown, that plaintiff was approximately 5 weeks pregnant and could no longer assist with lifting a particular patient. Id. at 3. Plaintiff asserts that Brown told her that she would be required to continue assisting with lifting the patient until plaintiff provided a doctor's note ordering the lifting restriction. Id. Plaintiff alleges that on March 5, 2015 plaintiff's doctor provided her with a note restricting her from lifting more than twenty-five pounds. Id. Plaintiff asserts that she provided the note to Brown, who notified Amy Upton in the human resources department. Id. Plaintiff asserts that Upton notified plaintiff that she was being placed on medical leave because she had become "a liability" and there were "no other options." Id. Plaintiff alleges that two other employees were permitted to continue working as CNAs into the third trimester of their pregnancies. Id. at 4. Plaintiff asserts that she has not been placed on the schedule to work since March 5, 2015 and that her benefits have been terminated. Id.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any

2

set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Finally, "the 12(b)(6) standard does not require that [p]laintiff establish a prima facie case in her complaint, [but] the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted)

### III.

Plaintiff alleges that defendant discriminated against her in violation of Title VII, the OADA, and the ADA. Dkt. # 2-1, at 4-5. Plaintiff also alleges that defendant breached its fiduciary duty under ERISA. Id. at 5-6. Defendant asks the Court to dismiss plaintiff's petition for failure to state a claim upon which relief can be granted. Dkt. # 7, at 5. Plaintiff asks the Court for leave to amend the Title VII and OADA allegations in her petition and argues that she has properly stated a claim for discrimination under the ADA. Dkt. # 17. Because plaintiff has voluntarily dismissed her ERISA claim, see id. at 9, defendant's motion to dismiss is moot as to that claim.

3

**A.**

Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Further, Title VII provides that "[t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions." Id. § 2000e(k). A plaintiff may prove a Title VII violation through either direct or circumstantial evidence. See Furr v. AT & T Techs., Inc., 824 F.2d 1537, 1548-49 (10th Cir. 1987). As plaintiff alleges no direct evidence of a Title VII violation, plaintiff's Title VII claim would be analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973). See Adamson v. Multi Cmty. Diversified Servs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008).

> Under the McDonnell Douglas framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination or retaliation]. Once the plaintiff has established a prima facie case, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (second alteration in original) (internal quotation marks and citations omitted). To state a prima facie case of discrimination under Title VII, a plaintiff must show: (1) that the victim belongs to a protected class; (2) that the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). "One method by which a plaintiff can demonstrate an inference of

discrimination is to show that the employer treated similarly situated employees more favorably." Luster v. Vilsack, 667 F.3d 1089, 1095 (10th Cir. 2011).

Plaintiff does not need to establish a prima facie case at this stage, but she must allege enough facts to state a claim that is plausible on its face. See Twombly, 550 U.S. 544, at 547. Here, plaintiff has failed to allege facts sufficient to demonstrate an inference of discrimination. Plaintiff alleges that two other pregnant women were allowed to continue working during their pregnancies, but plaintiff has not alleged that other similarly situated employees who were not pregnant were treated more favorably. Defendant's more favorable treatment of other employees in the same protected class does not give rise to an inference that discrimination based on that class. See EEOC v. Ackerman, Hood & McQueen, Inc., 956 F.2d 944, 948 (10th Cir. 1992) (noting that in a Title VII claim for pregnancy discrimination, the court must compare treatment between pregnant workers and similarly situated nonpregnant workers). Because plaintiff has failed to allege that other similarly situated nonpregnant employees were treated more favorably, plaintiff's claim that defendant discriminated against her on the basis of her pregnancy is not plausible on its face.

Plaintiff admits that she failed to include sufficient facts in her petition to support a prima facie case of discrimination under Title VII. Dkt. # 13, at 6. However, plaintiff asserts that defendant "provides reasonable accommodation for qualified disabled employees who are able to perform their jobs and light duty accommodations for employees injured on the job" and asks the Court leave to amend her petition to allege these facts. Id. Defendant argues that plaintiff's request to amend her petition should be denied because plaintiff has not filed a motion to amend or attached a copy of her proposed amended complaint to her response, and therefore it is not possible to determine whether amendment would be futile. Dkt. # 17, at 5.

To deny plaintiff's request to amend her petition, the Court would need to find that "it is patently obvious that [plaintiff] could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her petition] would be futile." Cohen v. Longshore, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)) (internal quotation marks omitted). Although plaintiff has failed to provide the Court with a proposed amended complaint, plaintiff's assertions in her response to defendant's motion to dismiss indicate that it would not be "patently obvious" that plaintiff could not prevail on the facts alleged in her amended complaint. Defendant argues that plaintiff has failed to allege a prima facie case of discrimination under Title VII because she has not alleged other similarly situated nonpregnant employees were treated more favorably. Plaintiff intends to add facts alleging that defendant provided reasonable accommodations for other, nonpregnant employees. Whether plaintiff's additional factual allegations will be insufficient to state a claim of discrimination under Title VII is not "patently obvious" at this time; thus, plaintiff should be granted leave to file an amended complaint.

OADA claims are evaluated using the same standards as claims under Title VII, and a claim that fails under Title VII will also fail under the OADA. See Gibson v. Mabrey Bank, No. 14-CV-0770-CVE-FHM, 2015 WL 5098698, at *11 (N.D. Okla. Aug. 31, 2015). Therefore, plaintiff's OADA claim fails for the same reason that plaintiff has failed to state a claim of discrimination under Title VII.

**B.**

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

42 U.S.C. § 12112(a). To prevail on an ADA discrimination claim, a plaintiff must establish that: "(1) she is a disabled person as defined by the ADA; (2) she is qualified with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) the employer discriminated against her because of her disability." Doyal v. Okla. Heart, Inc., 213 F.3d 492, 495 (10th Cir. 2000). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Plaintiff asserts that she is disabled under the ADA because defendant regarded her pregnancy as a disability. Dkt. # 2-1, at 5. "To prevail on a regarded-as claim, a plaintiff must show that an employer has mistaken beliefs about the plaintiff's abilities: the employer 'must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.'" Jones v. U.P.S., Inc., 502 F.3d 1176, 1190 (10th Cir. 2007) (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999)). However, "pregnancy and related medical conditions do not, absent unusual circumstances, constitute a 'physical impairment' under the ADA." Gudenkauf v. Stauffer Commc'ns, Inc., 922 F. Supp. 465, 473 (D. Kan. 1996) (quoting Tsetseranos v. Tech Prototype, Inc., 893 F. Supp. 109, 119 (D.N.H. 1995)); see also Wonasue v. Univ. of Md. Alumni Assoc., 984 F. Supp. 2d 480, 489-90 (D. Md. 2013); Appel v. Inspire Pharm., Inc., 712 F. Supp. 2d 538, 548 (N.D. Tex. 2010). Thus, on the basis of her pregnancy, defendant could not regard plaintiff as having "a physical or mental impairment that substantially limits one or more of the major life activities" because pregnancy is not a physical impairment. In other words, it cannot be the case that defendant believed plaintiff to have "a substantially limiting impairment, when, in fact, the impairment is not

7

so limiting" because pregnancy is not any kind of impairment. See Richards v. City of Topeka, 173 F.3d 1247, 1251 (10th Cir. 1999) (rejecting plaintiff's argument that her employer treated her as having a substantially limiting impairment even though her pregnancy did not constitute a physical impairment because the argument would "read[] an exception into the ADA's definition of disability that would swallow the statute itself, enabling prospective plaintiffs to claim discrimination against disabilities that are excluded from coverage by the Act"). Pregnancy-related conditions may be impairments if "they are not a part of a 'normal' pregnancy," Spees v. James Marine, Inc., 617 F.3d 380, 397 (6th Cir. 2010), but plaintiff has not alleged any such impairment. Thus, plaintiff has failed to state a claim for discrimination under the ADA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 7) is **granted in part and moot in part**; it is granted as to plaintiff's Title VII, OADA, and ADA discrimination claims, and is moot as to plaintiff's ERISA claim.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint, consistent with the rulings herein, no later than **February 3, 2017**.

**DATED** this 20th day of January, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE