UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

WHITNEY M. LACOUNT, )
 )
          Plaintiff, )
 )
v. ) Case No. 16-CV-0545-CVE-TLW
 )
SOUTH LEWIS SH OPCO, LLC, a Domestic )
Limited Liability Company d/b/a THE )
VILLAGES AT SOUTHERN HILLS, )
 )
          Defendant. )

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 22). Defendant argues that plaintiff's amended complaint (Dkt. # 21) does not adequately allege a claim of pregnancy discrimination, and defendant also asserts that the Court's opinion and order (Dkt. # 20) dismissing plaintiff's original complaint did not permit her to re-allege claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA). Plaintiff concedes that she did not have leave of court to re-allege her ADA claims in her amended complaint, but she asks the Court to reconsider the dismissal of her ADA claims. Dkt. # 26, at 3. She also argues that she has only a minimal burden to allege facts in support of her pregnancy discrimination claim, and she believes that she has alleged enough facts to support an inference that her employment was terminated because of her pregnancy. Id. at 7-8.

### I.

Whitney M. LaCount worked as a certified nursing assistant (CNA) at defendant ("The Village") from February 2014 to March 2015, and she alleges that she was assigned to the assisted living unit. Dkt. # 21, at 2. LaCount states that residents in the assisted living unit "need minimal

care and assistance." Id. In late January or early February 2015, LaCount believed that she was approximately five weeks pregnant, and she informed her supervisor, Clarissa Brown, of the pregnancy. Id. at 3. LaCount told Brown that she could perform all of her duties except for lifting one particular resident, and LaCount was required to lift this resident once each day. Id. She did not believe that this restriction would prevent her from working, because there were at least five other employees working in her unit who could assist with this particular task. Id. However, LaCount was required to assist with lifting the resident until she could provide documentation from a physician imposing a lifting restriction. Id.

On March 5, 2015, LaCount visited her physician and was informed that she was 13 weeks pregnant, and she received a doctor's note restricting her from lifting more than 25 pounds. Id. LaCount provided the note to Brown, and Brown consulted with Amy Upton in the human resources department about LaCount's lifting restriction and pregnancy. LaCount alleges that Upton informed her that she was a "liability" and immediately placed LaCount on medical leave. Id. Upton told LaCount that she would inquire if LaCount could keep her health benefits while she was on medical leave, but LaCount claims that she never heard if a decision was made on this issue. Id. LaCount states that her employment was terminated when her leave under the Family and Medical Leave Act (FMLA) expired after 12 weeks. Id. at 4. LaCount cites the following provisions from defendant's Community Team Member Handbook:

Disabilities

Consistent with its obligations under the [ADA], the Community provides reasonable accommodation to applicants and team members who are qualified individuals with disabilities with the meaning of the ADA. Individuals with temporary injuries or with work restrictions due solely to pregnancy are generally not disabled for purpose of the ADA.

2

> In general, a reasonable accommodation is considered to be any change in the work environment or in the way things are customarily done that enables an otherwise qualified individual with a disability to enjoy equal employment opportunities . . . .
>
> After an otherwise qualified applicant or team member with a disability discloses the need for an accommodation, the Community will engage in an informal, interactive process with the individual to determine the appropriate accommodation. The Community is not obligated to implement an accommodation that requires elimination of an essential function of the team member's job, that places undue hardship on the Community or that would result in a direct threat to the health or safety of the individual or others.
>
> Pregnancy
>
> The Pregnancy Discrimination Act prohibits . . . discrimination on the basis of pregnancy, childbirth or related medical conditions. Applicants or team members affected by pregnancy or related medical conditions must be treated in the same manner as other applicants or team members with similar non work-related limitations. However, as in the case of disabled applicants and team members, the Community is not obligated to eliminate a team member's essential job functions, incur undue hardship or permit situations that would result in a direct threat to the health or safety of the pregnant team member or others.

Id. at 4-5.

On July 25, 2016, LaCount filed this case in Tulsa County District Court, alleging claims under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII), the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 et seq. (OADA), the ADA, and Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). The case was removed to this Court on the basis of federal question jurisdiction. Defendant filed a motion to dismiss, and the Court entered an opinion and order (Dkt. # 20) granting the motion in part and finding the motion moot in part. LaCount voluntarily dismissed her ERISA claim, and the motion to dismiss was moot as to that claim. Dkt. # 20, at 1. As to her Title VII claim, LaCount did not allege that she had direct evidence of discrimination, and the Court considered whether LaCount had alleged sufficient facts to support a claim of discrimination based on circumstantial evidence. Id. at 4. The Court did not

3

require that plaintiff allege facts in the context of a prima facie case of pregnancy discrimination, but the Court cited EEOC v. Ackerman, Hood & McQueen, 956 F.2d 944 (10th Cir. 1992), for the proposition that a plaintiff must allege that similarly situated, non-pregnant workers were treated more favorably that the plaintiff. Dkt. # 20, at 5. The Court found that plaintiff's petition did not allege that she was treated differently than similarly situated, non-pregnant workers, but found that it was "not 'patently obvious'" that allowing plaintiff to file an amended complaint re-alleging her Title VII claim would be futile. Id. at 6. As to plaintiff's ADA claim, the Court noted that "pregnancy and related medical conditions do not, absent unusual circumstances, constitute a 'physical impairment' under the ADA," and plaintiff had not alleged that she had any complications or conditions that would make her pregnancy unusual. Id. at 7-8. The Court found that plaintiff had failed to adequately allege that she had a physical or mental impairment that would qualify as a disability, and the Court dismissed plaintiff's ADA claim without granting her leave to amend.

Plaintiff filed an amended complaint (Dkt. # 21) that is substantially similar to her original petition, and she alleges claims of pregnancy discrimination under Title VII (Count One) and the OADA (Count Two) and a failure to accommodate claim under the ADA (Count Three). Defendant has filed a motion (Dkt. # 22) to dismiss the amended complaint, and the motion is fully briefed.

**II.**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"

4

and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In the context of employment discrimination claims, "the [Rule] 12(b)(6) standard does not require that [p]laintiff establish a prima facie case in her complaint, [but] the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted).

### III.

Defendant argues that plaintiff's amended complaint should be dismissed, because she was not granted leave to re-allege her ADA claim and she has not adequately alleged a claim of gender discrimination under Title VII or the OADA. Dkt. # 22. Plaintiff concedes that the Court did not permit her to re-allege her ADA claim, but she states that her inclusion of an ADA claim in her

amended complaint should be treated as a request for reconsideration. Dkt. # 26, at 5. She also argues that she has met her minimal burden to allege facts in support of her pregnancy discrimination claim. Id. at 6-7.

**A.**

The Court will initially consider plaintiff's request to reconsider the dismissal of her ADA claim. Plaintiff concedes that she was not granted leave to re-allege her ADA claim in her amended complaint and, under Fed. R. Civ. P. 15(a), she did not have authorization from the Court to include an ADA claim in her amended complaint. A plaintiff may not include a claim in an amended complaint if the claims have been dismissed and the plaintiff has not received authorization from the court to file an amended complaint including that claim. Peters v. Black Tie Value Parking Serv., Inc., 2013 WL 4520260 (W.D. Okla. Aug. 26, 2013). In any event, the Court does not find that the amended complaint actually states a claim under the ADA for the same reasons as stated in its prior opinion and order (Dkt. # 20). As the Court previously stated, the ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities . . ." (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). The law is clearly established that a normal pregnancy is not a physical or mental impairment, but physical or mental impairments caused by an abnormal or unusual pregnancy may be considered a disability. Hannis-Miskar v. North Schuylkill Sch. Dist., 2016 WL 3965209 (M.D. Pa. July 22, 2016); Gudenkauf v. Stauffer Communications, Inc., 922 F. Supp. 465, 473 (D. Kan. 1996). Plaintiff has not alleged that she was pregnant and that she had a related mental or physical impairment. Instead, she alleges that she was pregnant and her doctor imposed a lifting restriction, but she does not claim that she had an abnormal or high-risk pregnancy.

This does not constitute a disability and the Court will not reconsider its decision to dismiss plaintiff's ADA claim.

**B.**

Plaintiff received leave of court to re-allege her pregnancy discrimination claim, and she has included a claim of pregnancy discrimination under Title VII in her amended complaint. She alleges that she was a pregnant employee of defendant and that she was capable of performing the essential functions of her job with a reasonable accommodation. Dkt. # 21, at 5. Plaintiff states that "[o]n information and belief, [defendant], in accordance with its policy set forth in Paragraph 22 above, has accommodated employees who needed reasonable accommodations for conditions other than pregnancy." Id. Paragraph 22 of the amended complaint refers to defendant's policy as to compliance with the ADA, and it states that defendant will engage in an interactive process with employees who have a disability as that term is defined in the ADA to determine if the employee can work with a reasonable accommodation. Id. at 4. As to pregnant employees, the policy states that employees who are pregnant or who have temporary injuries are generally not considered to be disabled. Id. Plaintiff also alleges that defendant has a policy concerning pregnancy discrimination which provides that employees "affected by pregnancy or related conditions must be treated in the same manner as other applicants or team members with other similar non-work related limitations. Id.

Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Further, Title VII provides that "[t]he terms 'because of sex' or 'on the basis of sex'

7

include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k). A plaintiff may prove a Title VII violation through either direct or circumstantial evidence. See Furr v. AT & T Techs., Inc., 824 F.2d 1537, 1548-49 (10th Cir. 1987). If the plaintiff proceeds by means of circumstantial evidence, the Tenth Circuit has explained the burden-shifting framework applicable to such claims as follows:

> Under the McDonnell Douglas framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination or retaliation]. Once the plaintiff has established a prima facie case, [t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (second alteration in original) (internal quotation marks and citations omitted). To state a prima facie case of discrimination under Title VII, a plaintiff must show: (1) that the victim belongs to a protected class; (2) that the victim suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination. EEOC v. PVNF, L.L.C., 487 F.3d 790, 800 (10th Cir. 2007). "One method by which a plaintiff can demonstrate an inference of discrimination is to show that the employer treated similarly situated employees more favorably." Luster v. Vilsack, 667 F.3d 1089, 1095 (10th Cir. 2011).

Plaintiff appears to be arguing that defendant's disability and pregnancy discrimination policies are direct evidence of pregnancy discrimination, because the policies violates Enforcement Guidance issued by the Equal Employment Opportunity Commission (EEOC). Direct evidence of discrimination can take the form of a policy which itself constitutes unlawful discrimination or evidence such as statements by a decisionmaker showing discriminatory animus. Fassbender v. Correct Care Solutions, LLC, 2017 WL 529602,*4 (D. Kan. Feb. 2017). The EEOC's interpretive

8

guidelines are not entitled to Chevron deference,[1] but the guidelines can be consulted as persuasive authority. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110 n.6 (2002). Plaintiff cites the Enforcement Guidance concerning a pregnant employee's request for light duty, which states:

> An employee requests light duty because of her pregnancy. The employee's supervisor is aware that the employee is pregnant and knows that there are light duty positions available that the pregnant employee could perform. Nevertheless, the supervisor denies the request, telling the employee that having a pregnant worker in the workplace is just too much of a liability for the company. It is not necessary that the pregnant worker produce evidence of a non-pregnant worker similarly in his or her ability or inability to work who was given a light duty position.

Enforcement Guidance: Pregnancy Discrimination and Related Issues, 2015 WL 4162723 *14 (June 25, 2015). The Court will assume that the Enforcement Guidance cited by plaintiff is consistent with Tenth Circuit precedent for the purpose of this Opinion and Order but, even so, plaintiff fails to allege an essential fact that would trigger application of the Enforcement Guidance. The cited language applies only when there is an available light duty job and the employee's supervisor is actually aware of the opening. There are no such allegations in the amended complaint and the Enforcement Guidance is inapplicable. The Court has independently reviewed the policies cited by plaintiff and finds that polices are accurate statements of the law, and the policies do not by themselves show that plaintiff was discriminated against because of her pregnancy. Plaintiff has not alleged direct evidence of discrimination, and the Court will consider whether plaintiff has alleged facts that would support a claim of pregnancy discrimination based on circumstantial evidence.

Plaintiff argues that she has adequately alleged facts that would support a claim of pregnancy discrimination based on circumstantial evidence. The Court is ruling on a motion to dismiss, not a motion for summary judgment, and the Court will not require that plaintiff plead her claim in the

---

[1] Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

context of a prima facie case of pregnancy discrimination. Instead, the Court will consider whether the allegations of plaintiff's amended complaint give rise to an inference that she was discriminated against because of her pregnancy. Plaintiff alleges that in late January or early February 2015 she informed her supervisor that she was five weeks pregnant, and she claimed to have a lifting restriction due to her pregnancy. Dkt. # 21, at 2. On March 5, 2015, plaintiff visited her physician and learned that she was 13 weeks pregnant, and she received a note from her physician imposing a lifting restriction. Id. at 3. Plaintiff's supervisor contacted the human resources department, and plaintiff was placed on medical leave. Id. Plaintiff states that the human resources department told her that she was a liability and there were no other available options. Plaintiff's employment was terminated when her FMLA leave expired. Id. at 4. She alleges that defendant accommodated workers with conditions other than pregnancy, but she does not explain what physical or mental impairments the employees had or how the employees were accommodated. Id. at 5. The Court has considered the allegations of the amended complaint in a light most favorable to plaintiff and finds that she has not stated a claim of pregnancy discrimination. Plaintiff's allegations could support an inference that she was placed on medical leave due to a lifting restriction, but there are no allegations tending to suggest that plaintiff was treated differently than other similarly situated employees. See Young v. United Parcel Serv., 135 S. Ct. 1338, 1354 (2015). Plaintiff was not immediately placed on medical leave when she informed her supervisor that she was pregnant, and it was only after plaintiff received a doctor's note containing a lifting restriction that she was placed on medical leave. Plaintiff has made a vague allegation that defendant accommodated other employees who were actually "disabled" as that term is defined in the ADA, but plaintiff was not disabled and she has not alleged that these other employees were similarly situated to her. There

is no basis for the Court to infer that plaintiff was treated differently than any other employee due to her pregnancy, and her pregnancy discrimination claim should be dismissed.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support (Dkt. # 22) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 5th day of May, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's OADA claim is based solely on alleged pregnancy discrimination, and for the same reasons plaintiff's OADA claim should also be dismissed. See Tilghman v. Kirby, 2015 WL 5472498 *3 (W.D. Okla. Sep. 16, 2015) (OADA claims are evaluated using the same standards applicable to Title VII claims).