# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WHITNEY M. LACOUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CV-0545-CVE-TLW |
| | ) | |
| SOUTH LEWIS SH OPCO, LLC, a Domestic | ) | |
| Limited Liability Company d/b/a THE | ) | |
| VILLAGES AT SOUTHERN HILLS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reconsider the Court's Order Granting Defendant's Motion to Dismiss (Dkt. # 30). Plaintiff asks the Court to reconsider its opinion and order (Dkt. # 28) dismissing her claims of pregnancy discrimination.[1] Defendant responds that the Court considered all of the arguments raised by plaintiff in support of her pregnancy discrimination claims in its opinion and order and plaintiff's pregnancy discrimination claims were properly dismissed.

On July 25, 2016, plaintiff filed this case in Tulsa County District Court, alleging that her former employer, South Lewis SH OPCO, LLC, terminated her employment after learning that she was pregnant. Plaintiff alleged claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII), the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101 et seq. (OADA), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and the

---

[1] Plaintiff asserted a disability discrimination claim in her state court petition (Dkt. # 2) and, after the case was removed to this Court, the disability discrimination claim was dismissed due to plaintiff's failure to allege that she was disabled. Dkt. # 20, at 7-8. Plaintiff has not sought reconsideration of that ruling in her motion to reconsider and the Court will not reconsider its decision to dismiss her disability discrimination claim.

Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). Defendant removed the case to this court and filed a motion to dismiss plaintiff's claims. In her response, plaintiff agreed to voluntarily dismiss her ERISA claim and she requested leave to file an amended complaint re-alleging her Title VII and OADA claims, but she argued that she had properly pled a claim under the ADA. Dkt. # 17. The Court found that defendant's motion to dismiss was moot as to plaintiff's ERISA claim and granted the motion to dismiss as to plaintiff's remaining claims. Plaintiff was permitted to file an amended complaint re-alleging her Title VII and OADA claims, but she was not granted leave to include an ADA claim in her amended complaint. Dkt. # 20, at 6-8. Plaintiff filed an amended complaint (Dkt. # 21) alleging pregnancy discrimination claims under Title VII and the OADA (counts one and two) and a disability discrimination claim under the ADA (count three).

Defendant filed a motion to dismiss (Dkt. # 22) the amended complaint and argued that the amended complaint failed to state claims of pregnancy discrimination under Title VII and the OADA. Defendant noted that plaintiff did not have leave of court to include an ADA claim in the amended complaint, but it moved to dismiss the ADA claim under Fed. R. Civ. P. 12(b)(6) if the Court declined to dismiss the ADA as improperly included in the amended complaint. Dkt. # 22, at 6 n.2. In her response to the motion to dismiss, plaintiff asked the Court to reconsider its decision to dismiss her ADA claim and she argued that a lifting restriction imposed by her physician could be considered a pregnancy-related impairment. Dkt. # 26, at 3-5. Plaintiff asserted that defendant's policies concerning pregnant and disabled workers constituted direct evidence of pregnancy discrimination, and she also argued that her allegations were sufficient to support an inference of pregnancy discrimination based on circumstantial evidence. Id. at 6-9.

The Court entered an opinion and order (Dkt. # 28) granting defendant's motion to dismiss and entered a judgment of dismissal (Dkt. # 29). The Court stated that it could have dismissed plaintiff's ADA claim on the ground that plaintiff did not have leave to include the claim in her amended complaint. Dkt. # 28, at 6. However, the Court considered the allegations of the amended complaint and found that plaintiff's pregnancy did not qualify as a disability under the ADA. Id. at 6-7. As to plaintiff's pregnancy discrimination claims, the Court considered plaintiff's argument that defendant's disability and pregnancy policies were direct evidence of discrimination. Id. at 8. The cited policies accurately tracked existing law as to pregnancy and disability discrimination, and the policies did not tend to show that defendant acted with discriminatory animus when it terminated plaintiff's employment. Id. at 9. The Court next considered whether the well-pleaded allegations of the amended complaint gave rise to an inference of discrimination, and the Court did not require that plaintiff make out a prima facie case of pregnancy discrimination at the pleading stage. Id. at 10. Plaintiff alleged that defendant accommodated non-pregnant employees in some situations, but her allegations were too vague for the Court to infer what conditions or restrictions the other employees had and if they were similarly situated to plaintiff. Id. Plaintiff's allegations did not support an inference that she was treated differently than any other employee because of her pregnancy, and she had not stated claims under Title VII or the OADA.

Plaintiff's motion to reconsider was filed within 28 days of the entry of judgment of dismissal, and the Court will treat plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir.

2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

Plaintiff argues that the Court overlooked allegations that would constitute direct evidence of pregnancy discrimination, and she asserts that the Court's decision to dismiss her pregnancy discrimination claims is inconsistent with the Supreme Court's decision in Young v. United Parcel Service, Inc., 135 S. Ct. 1338 (2015). In its prior opinion and order, this Court specifically considered whether plaintiff had made allegations that would qualify as direct evidence of pregnancy discrimination, and the Court concluded that the employment policies cited by plaintiff were not direct evidence of discriminatory animus. Dkt. # 28, at 8-9. Plaintiff asserts that Amy Upton, a human resources employee, told plaintiff that she had become a "'liability' due to her pregnancy" before plaintiff was involuntarily placed on medical leave and eventually terminated. Dkt. # 30, at 2-3. However, plaintiff did not allege in her amended complaint that Upton said that plaintiff was a "liability" because of her pregnancy, and this is a subtle but significant alteration to the specific statement allegedly made by Upton. In her amended complaint, plaintiff alleges that she notified

4

her employer in late January or early February 2015 that she was pregnant, and she continued to work as normal until she reported to work on March 5, 2015 with a lifting restriction. Dkt. # 21, at 2-3. Plaintiff alleges that on March 5, 2015 "Upton . . . informed her that she was being placed on medical leave from work and that she [LaCount] had become a 'liability.'" Id. at 3. The Court considered Upton's alleged statement as circumstantial evidence of discriminatory intent, and this was the appropriate way to consider Upton's remark. Plaintiff argues that the Court misapplied Young and imposed too heavy of a burden at the pleading stage. Dkt. # 30, at 4. She argues that defendant had a blanket policy of refusing to accommodate pregnant employees and that pregnant employees were treated differently than other disabled employees. Id. The Court has explained in its two prior opinion and orders that pregnancy is not a per se disability, and plaintiff's attempts to compare herself to employees with actual disabilities is not the relevant comparison. Plaintiff is correct that Young specifically considered whether an employer's failure to accommodate a pregnant employee with a lifting restriction is evidence of discriminatory intent when there is evidence that the employer accommodated non-pregnant employees with such a restriction. Young, 135 S. Ct. at 1354. In its opinion and order, the Court noted that plaintiff does not allege that any other employee with a lifting restriction was granted an accommodation or that similarly situated, non-pregnant employees ever received an accommodation. Plaintiff merely alleges that non-pregnant and disabled employees were given an accommodation in some circumstances, but plaintiff's allegations are so general that the Court cannot reasonably infer that the other employees were similarly situated to plaintiff. Plaintiff's motion to reconsider merely repeats arguments that have already been considered and rejected by this Court, and her motion (Dkt. # 30) should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider the Court's Order Granting Defendant's Motion to Dismiss (Dkt. # 30) is **denied**.

**DATED** this 29th day of June, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE